IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cycle Dog, LLC,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Motivation Design, LLC d/b/a<br>Kurgo Products,<br>　　　　　　Defendant. | Civil Action No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Parties

1.Cycle Dog, LLC ("Cycle Dog") is an Oregon limited liability company with a principal place of business 2215 NW Quimby St., Suite 1, Portland, Oregon 97210.

2.Motivation Design, LLC, doing business as Kurgo Products, ("Kurgo"), is a Delaware limited liability company with a principal place of business at 2D Fanaras Drive, Salisbury, Massachusetts 01952.

### Jurisdiction and Venue

3.This Court has jurisdiction over the subject matter under the provisions of 28 U.S.C. § 1338(a).

4.Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

### COUNT I

### Infringement of U.S. Patent No. 8,869,654

5.Cycle Dog is the owner of the entire right, title and interest, in and to U.S. Patent 8,869,654 (the "'654 Patent") a copy of which is attached hereto, made a part hereof, and marked Exhibit A.

6. Upon information and belief Kurgo has made, imported, used, offered to sell, sold and may now or in the future make, use and/or sell, in the United States and in Pennsylvania, an invention described and claimed by the '654 Patent, with the manufacture and sale of at least its Muck Collar, Baxter Pack, Surf'n'Turf Life Jacket, North Country Coat and Double Dog Leash Extender products.

7. Kurgo's activities in connection with the above-identified acts constitute infringement of Cycle Dog's '654 Patent pursuant to the provisions of 35 U.S.C. § 1, *et seq.*

8. Kurgo has infringed said Patent by, *inter alia,* making, importing, using, offering to sell and selling in the United States the invention described and claimed in the '654 Patent without the authority or approval of Cycle Dog.

9. Kurgo is liable for direct infringement, contributory infringement and inducing infringement of Cycle Dog's '654 Patent pursuant to 35 U.S.C. § 271.

10. Upon information and belief, the infringing activities of Kurgo have been deliberate, knowing and willful.

11. Upon information and belief, Kurgo will continue to infringe the '654 Patent to Cycle Dog's irreparable injury and other damage unless enjoined by the Court. Cycle Dog has no adequate remedy at law.

## COUNT II

### Infringement of U.S. Patent No. D702,003

12. Cycle Dog is the owner of the entire right, title and interest, in and to U.S. Patent D702,003 (the "'003 Patent") a copy of which is attached hereto, made a part hereof, and marked Exhibit B.

13. Upon information and belief Kurgo has made, imported, used, offered to sell, sold and may now or in the future make, use and/or sell, in the United States and in Pennsylvania, an invention described and claimed by the '003 Patent, with the manufacture and sale of at least its Muck Collar product.

14. Kurgo's activities in connection with the above-identified acts constitute infringement of Cycle Dog's '003 Patent pursuant to the provisions of 35 U.S.C. § 1, *et seq.*

15. Kurgo has infringed said Patent by, *inter alia,* making, importing, using, offering to sell and selling in the United States the invention described and claimed in the '003 Patent without the authority or approval of Cycle Dog.

16. Kurgo is liable for direct infringement, contributory infringement and inducing infringement of Cycle Dog's '003 Patent pursuant to 35 U.S.C. § 271.

17. Upon information and belief, the infringing activities of Kurgo have been deliberate, knowing and willful.

18. Upon information and belief, Kurgo will continue to infringe the '003 Patent to Cycle Dog's irreparable injury and other damage unless enjoined by the Court.  Cycle Dog has no adequate remedy at law.

## **Prayer for Relief**

Wherefore, Cycle Dog demands the following relief with respect to U.S. Patent No. 8,869,654.

    a. This Court enter a judgment that Kurgo, has infringed U.S. Patent No. 8,869,654;

    b. This Court enter a judgment that Kurgo, has infringed U.S. Patent No. D702,003;

    c.    That Kurgo, their successors, privies and all through or under them and all those acting for them or on their behalf, be preliminarily and thereafter permanently enjoined from infringing U.S. Patent No. 8,869,654;

    d.    That Kurgo, their successors, privies and all through or under them and all those acting for them or on their behalf, be preliminarily and thereafter permanently enjoined from infringing U.S. Patent No. D702,003;

    e.    That Kurgo be required to account to Cycle Dog for all damages suffered by Cycle Dog resulting from the infringement of U.S. Patent No. 8,869,654, and that the recovered damages be trebled because of the willful nature of the infringement;

    f.    That Kurgo be required to account to Cycle Dog for all damages suffered by Cycle Dog resulting from the infringement of  U.S. Patent No. D702,003, and that the recovered damages be trebled because of the willful nature of the infringement; and,

    g.    That Cycle Dog be granted such other and further relief which this Court may seem just and proper, together with the costs and disbursements of this action, including attorney's fees.

## Demand for a Jury Trial

Cycle Dog demands a jury trial on all issues so triable.

Respectfully submitted,

**BARLEY SNYDER**

Dated: May 13, 2015      By: */s/ George C. Werner*
　　　　　　　　　　　　　　　George C. Werner, Esquire
　　　　　　　　　　　　　　　Court ID No. 28757
　　　　　　　　　　　　　　　Salvatore Anastasi, Esquire
　　　　　　　　　　　　　　　Court ID No. 78314
　　　　　　　　　　　　　　　126 East King Street
　　　　　　　　　　　　　　　Lancaster, PA 17602-2893
　　　　　　　　　　　　　　　717-299-5201

Attorneys for Plaintiff Cycle Dog, LLC